## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| CARMINE LOMBARDI, JR. | : | |
| and MYA LOMBARDI, | : | |
| | : | NO. 3:05CV1804 (MRK) |
| Plaintiffs, | : | |
| | : | |
| RITEWAY TRUCKING and | : | |
| ALVERNILL L. WATTS, | : | |
| | : | |
| Defendants. | : | |

### Ruling and Order

Mac-Gray Corporation has moved to intervene in this personal injury litigation on the ground that at the time of the accident that gives rise to this action, Plaintiff Carmine Lombardi was in Mac-Gray's employ and that as a consequence, it has become obligated or may in the future become obligated under the Workers Compensation Act to pay sums to the Plaintiff on account of the accident.  *See* Motion to Intervene [doc. # 16].  Defendants have objected to the motion because Mac-Gray has not shown that its interest will be inadequately protected by the existing parties. *See* Objection to Motion to Intervene [doc. # 20].  Construing the Objection as a Motion for Reconsideration of the Court's Order granting intervention [doc. # 18], the Court has reconsidered its previous ruling but now reaffirms it and grants Mac-Gray's motion to intervene. While the interests of the employer and employee are similar, they are "distinct" and not identical "because each competes for a portion of a fixed recovery amount." *Willis v. Firestone Building Prods. Co.*, 231 F.R.D. 447, 450 (D. Conn. 2005).

IT IS SO ORDERED,


/s/        Mark R. Kravitz     
United States District Judge


Dated at New Haven, Connecticut: **March 28, 2006**